PROB. 12B
(7/93)

# ORIGINAL

United States District Court

for the

DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 05 2007

at 10 o'clock and 40 min. M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JAN MEDEIROS          Case Number: CR 02-00331SOM-01

Name of Sentencing Judicial Officer:   The Honorable Susan Oki Mollway
                                       U.S. District Judge

Date of Original Sentence: 11/24/2003

Original Offense:   <u>Count 3:</u> Distribution of 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A), a Class A felony

Original Sentence:   Thirty (30) months imprisonment followed by a term of four (4) years supervised release with the following special conditions: 1) That the defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the defendant provide the Probation Office access to any requested financial information; and 4) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

Type of Supervision: Supervised Release     Date Supervision Commenced: 4/28/2006

### PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

**General Condition**   *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release, unless there is a positive drug test in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Prob 12B
(7/93)

2

## CAUSE

As Your Honor may recall, on 5/14/2007, the Court was notified of the offender's admissions that she used methamphetamine, her refusal to comply with drug testing, and her association with persons convicted of a felony without the permission of the Probation Officer. In response to her noncompliance, she was issued a behavioral contract outlining the violations as well as the behavioral changes required to bring herself into compliance with the supervision conditions. Our office recommended that the Court take no adverse action with respect to the violations, and Your Honor concurred.

Following the notification to the Court, the offender remained in drug testing at Freedom Recovery Services (FRS), notably without substance abuse treatment. Although the offender never submitted a positive urine specimen while at FRS, on 7/30/2007, the offender submitted a urine specimen at the Probation Office which tested presumptive positive for methamphetamine. The specimen was forwarded to Kroll Laboratory for confirmation and was ultimately confirmed negative for methamphetamine. However, when questioned about her drug use, the offender admitted to using methamphetamine on 7/27/2007. She stated that she had been feeling ill that day with cold symptoms and had gone to work to submit a doctor's note to her supervisor. She said that she left her employer feeling "angry and upset" and that she "ran into someone on Fort Street Mall whom she knew sold meth." She admitted that she purchased methamphetamine from this person and smoked it. The offender said her intention was to "feel better" as in the past "meth kept her healthy." She believed the drug would help alleviate her cold symptoms. Instead, she said it made her sick to her stomach.

On 9/4/2007, during an unscheduled home inspection, the offender submitted a urine specimen which tested presumptive positive for methamphetamine. When questioned, she admitted that she used methamphetamine on 8/31/2007. The specimen was confirmed positive for methamphetamine by Kroll Laboratory.

It should be noted that it was not recognized that a *Stephens* modification was not in place during the time period following Court notification on 5/14/2007. As a result, we are not charging the offender with any new violations. However, to assist in our monitoring of the offender, we are now requesting the proposed modification to her supervised release. In light of *U.S. v. Stephens*, a modification to the mandatory drug testing condition (General Condition) will allow for additional drug testing. Considering the offender's thirty-year history of substance abuse beginning when she was twenty-five years old, coupled with her serious and significant health issues, this modification is easily justified.

On 9/10/2007, in response to her admitted drug use, the offender re-enrolled in Kaiser Permanente's Outpatient Substance Abuse Program. She had previously received a clinical discharge from the Intensive Outpatient Program at Kaiser on 2/16/2007. Provided the Court modifies the General Condition to allow for additional drug testing, the offender will also be required to remain in drug testing at FRS.

Prob 12B
(7/93)

3

     The offender's overall compliance with supervision requirements has been marginal. She is currently unemployed and she neglects to turn her monthly supervision reports in on time. However, in mitigation, she has been making steady progress with her mental health treatment as indicated by her therapist, Dr. Greg Tanida. The offender suffers from a host of mental and emotional problems related to both her substance abuse history and her battle with breast cancer. In this regard, on 5/13/2002, the offender had a mastectomy of her right breast at Kaiser Permanente Medical Center. Since that date, she has experienced numerous health complications due to infections and botched surgeries.

     Dr. Tanida believes that the offender has suffered immeasurable physical and emotional trauma as a result of her breast cancer and subsequent surgeries. However, he also believes the offender has the potential to use her health problems as an excuse to use illicit substances and shirk her supervision requirements. It is for these reasons we wish to pursue the modification to her supervised release.

     Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives her right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The U.S. Attorney's Office has been notified of the proposed modification and have no objections to the modification. It should be noted that the offender fired the Assistant Federal Public Defender. As a result, she does not have an attorney at this time. It should also be noted that the offender was provided with the opportunity to request counsel prior to signing the Waiver of Hearing to Modify Conditions of Supervised Release but she declined.

Respectfully submitted by,

*Sydney L. Fleming*

SYDNEY L. FLEMING
U.S. Probation Officer


Approved by:

*Timoth M.*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 11/1/2007

Prob 12B
(7/93)

4

THE COURT ORDERS:

[X]   The Modification of Conditions as Noted Above
[ ]    Other

_____
SUSAN OKI MOLLWAY
U.S. District Judge

NOV 0 2 2007
_____
Date

## NOTICE REGARDING MODIFICATION OF CONDITIONS

The defendant understands that any modification of court-ordered conditions is not a waiver of those conditions or of any consequence of violating those conditions. Violations that have preceded this or any modification of conditions may be considered by the court as a basis for revoking supervised release or probation, especially, but not only, in the event of a future violation, whether any such future violation is similar to or different from any preceding violation.

The absence of this notice does not confer, and should not be interpreted by the defendant as conferring, any rights on the defendant. The absence of this notice does not indicate, and should not be interpreted by the defendant as indicating, any position by the court or by the defendant. Even in the absence of this notice, supervised release or probation may, in the future, be revoked based on violations occurring before this or any other modification of conditions.

Agreed to and acknowledged:

_____
Defendant

Print Name: Jan Medeiros

Date: 10/31/07

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To modify the conditions of supervision as follows:

*General Condition:* *That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervised release unless there is a positive drug test in which event the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Witness: _____  Signed: _____
        SYDNEY L. FLEMING                         JAN MEDEIROS
        U.S. Probation Officer                          Supervised Releasee

                                      10/31/07
                                      Date